**F. Warren HICKS, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

**No. 2352.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.
Rehearing Denied Sept. 23, 1982.

Bonner Smith, Claude Freeman, P.C., Lubbock, for appellant.

Ed Cazares, City Atty., Fred Spence, Sr. Asst. City Atty., Houston, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is a trespass to try title action in which F. Warren Hicks, the appellant, seeks fee simple title to a 10,000 square foot strip of land in Harris County. The trial court sustained the City of Houston's, appellee, plea of res judicata and motion for summary judgment, and rendered a take nothing judgment against Hicks. This appeal followed. We affirm.

In a prior suit filed by Hicks against the City, Hicks claimed title to the same strip of land involved in this suit. In his prayer, Hicks requested the following relief:

"WHEREFORE, Plaintiff prays that Defendant, City of Houston, Texas, be cited to appear and answer this petition as required by law, and that upon final judgment, Plaintiff have judgment for title in fee simple to said land free and clear of any easement of the Defendant, or claimed by the Defendant, and possession of said land, with writ of restitution and for decree removing cloud from title as alleged, and that Defendant has no easement or any other right, title or interest in said land, . . . "

The trial court, in the prior suit, rendered a take nothing judgment on the issue of title. That judgment was affirmed in *Hicks v. City of Houston,* 524 S.W.2d 539 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Thereafter, Hicks instituted the present suit and requested the following relief:

"Wherefore, Plaintiff prays that Defendant, City of Houston, Texas, be cited to appear and answer this petition as required by law and that upon final Judgment Plaintiff have judgment for title in fee simple to said land, and that the cloud cast upon his title by the Judgment in Cause No. 898,121, be removed, and for such other and further relief to which he may show himself entitled."

All the requirements of res judicata have been shown in this cause. The issues between Hicks and the City are essentially the same in both suits. The judgment in the prior suit bars a subsequent suit on matters actually litigated between Hicks and the City, and on causes of action or defenses which arose out of the same subject matter and which could have been litigated in the prior suit. *Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768, 771–772 (Tex.1979); *Astra Bar, Inc. v. Manges,* 608 S.W.2d 702, 705 (Tex.Civ.App.—Corpus Christi 1980, no writ). Accordingly, we hold that the trial court correctly rendered a take nothing judgment against Hicks. All points of error raised by Hicks are overruled.

The judgment of the trial court is AFFIRMED.