**VICTORIA COUNTY ELECTRIC COOPERATIVE COMPANY, Appellant,**

v.

**NATIONAL STEEL PRODUCTS COMPANY, Appellee.**

No. 13–84–425–CV.

Court of Appeals of Texas, Corpus Christi.

June 28, 1985.

Rehearing Denied Sept. 5, 1985.

Amended Rehearing Denied Sept. 5, 1985.

O.F. Jones, III, Victoria, for appellant.

Ronald B. Walker, Victoria, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellant brought suit against appellee for indemnity for a judgment entered against appellant in a prior personal injury lawsuit involving a third party.[1] Both parties filed motions for summary judgment. The trial court denied appellant's motion for summa-

ry judgment and granted appellee's motion for summary judgment resulting in a take nothing judgment against appellant. We affirm.

This case is an ancillary continuation of a cause which has previously gone completely through the court system of this State. In 1977, while in the course of employment for appellee, Robert Teakell was injured when a piece of material he was lifting touched appellant's power line. Teakell filed a lawsuit against, among others, appellant and appellee herein. Ultimately judgment was rendered in Teakell's favor which was appealed to this Court under our cause number 2550CV. We reversed the judgment of the trial court. The Texas Supreme Court reversed the judgment of this Court and entered judgment for Teakell.

While the original cause was pending in the trial court, appellant filed a cross-action against appellee alleging that it was entitled to indemnity from appellee. Appellee filed a motion for summary judgment against appellant's claim for indemnity. Appellant filed no response to the motion for summary judgment and the motion was subsequently granted.

On appeal to this Court, appellant raised as a separate point of error, the granting of the summary judgment on the question of indemnity. This Court overruled appellant's point of error and affirmed the summary judgment. This ruling by this Court was not the subject matter of the subsequent opinion by the Supreme Court reversing our opinion.

After the cause was returned to the trial court for entry of judgment, appellant filed the second cause of action now before us. Appellant again filed a claim for indemnity against appellee under the auspices of TEX.REV.CIV.STAT.ANN. art. 1436c (Vernon Supp.1985). Appellee answered and the parties conducted some preliminary discovery. Thereafter both parties filed mo-

---

1. *Perma Stone Co. v. Teakell,* 653 S.W.2d 483 (Tex.App.—Corpus Christi, 1983) reversed 658 S.W.2d 563 (Tex.1983).

tions for summary judgment. Appellee's motion for summary judgment was predicated on the prior record in the cause and on the theory that the prior decisions in this cause were *res judicata* on the question of indemnity. The trial court granted appellee's motion for summary judgment.

■ In its first and third points of error the appellant complains generally of the trial court's action in the granting of appellee's motion for summary judgment. In its argument under its first point of error, the appellant disputes the doctrine of *res judicata* as a basis for the granting of appellee's motion for summary judgment. The doctrine of *res judicata* operates to preclude a litigant from relitigating issues which have been previously raised or could have been raised and decided against him, and the effect of the rule is to bring about finality to claims or demands in controversy, including parties and those in privity with them, not only as to matters which were offered and received to sustain or defeat a claim or demand but also as to any other admissible matter which might have been offered for that purpose. *State v. Sun Ray DX Oil Company*, 503 S.W.2d 822 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). The doctrine bars litigation of all issues connected with the cause of action or defense, which with the use of diligence, might have been tried in the former action as well as those actually tried. *Hicks v. City of Houston*, 641 S.W.2d 352 (Tex.App.—Corpus Christi 1982, no writ); *St. Paul Insurance Co. v. Rehn*, 641 S.W.2d 276 (Tex.App.—Corpus Christi 1982, no writ); *Astra Bar Inc. v. Manges*, 608 S.W.2d 702 (Tex.Civ.App.—Corpus Christi 1981, no writ). A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a grounds of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies, or with another so identified in interests with such persons that he represents the same legal right, the same question, same particular controversy or issue which has been necessarily tried and finally determined upon its merits by a court of compe-

tent jurisdiction and a judgment in personam in the former suit. *Marange v. Marshall*, 402 S.W.2d at 236 (Tex.Civ.App.—Corpus Christi 1966, n.r.e.); *In re D.B.*, 594 S.W.2d 207 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ Turning now to the record of this cause we find the prior decisions in this cause are *res judicata* on the issue of indemnity. In its original cross-action against appellee, appellant asserted it was entitled to indemnity from appellee. This cross-action was the subject matter of appellee's motion for summary judgment filed in the original cause which was granted and the granting of which was specifically affirmed by this Court in our prior opinion. All of the necessary elements of *res judicata* are present and the trial court was correct in granting the appellee's summary judgment on those grounds.

Appellant argues at great length that our prior opinion is incorrect for various reasons. Although we would note that appellant has significantly misconstrued our holding in that case we decline appellants invitation to provide further luciferous opinions on the facts and law of that case. The case is now final. "That the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect the application of *res judicata*." *Segrest v. Segrest*, 649 S.W.2d 610 (Tex. 1983); *See Myrick v. Moody National Bank of Galveston*, 590 S.W.2d 766 (Tex. Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Appellant's first and third points of error are overruled.

In its second point of error, appellant appears to be arguing that because our previous opinion was incorrect, we should consider this matter an equitable bill of review and reverse the judgment of the trial court. Initially we note that appellant cites no authority for this rather novel argument. "A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial." *Baker v.*

*Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). In *Alexander v. Hagederon,* 148 Tex. 565, 226 S.W.2d 996 (Tex.1950), the Texas Supreme Court set forth the necessary criteria for a successful bill of review complaint. Under that criteria, a complaint must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which he was prevented from making by fraud, accident or wrongful act of the opposite party, (3) unmixed with fault or negligence of his own. Without discussing the question of whether or not such an action can be raised for the first time at the appellate level, we find no allegations or proof in this record of any of the criteria set forth in *Hagederon.* Appellant's second point of error is overruled.

Appellant's final point of error alleges error in the trial court in not granting appellant's motion for summary judgment. Our holding herein on appellant's points of error one through three is dispositive of this case. It is not necessary to rule on appellant's fourth point of error. TEX.R. CIV.P. 451.

The judgment of the trial court is AFFIRMED.