**BRAZOS COUNTY APPRAISAL DISTRICT and The Appraisal Review Board, Appellants,**

v.

**SUN OPERATING LIMITED PARTNERSHIP, Appellee.**

No. 9775.

Court of Appeals of Texas, Texarkana.

Sept. 6, 1989.

Albert M. Walker, Jr., Law Offices of Gates Steen, Austin, for appellants.

Edward Kliewer, III, William T. Armstrong, III, Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellee.

CORNELIUS, Chief Justice.

Brazos County Appraisal District and Appraisal Review Board appeal from a district court judgment in favor of Sun Operating Limited Partnership, reducing the appraised value of Sun's property to $250,-000.00 for the 1987 tax year. The District contends that there is insufficient evidence to support the court's finding that the market value of Sun's Kurten gas plant was $250,000.00, and that the attorney's fees of $5,000.00 awarded to Sun are excessive. By cross-point, Sun alleges that the appeal is frivolous and without merit, entitling it to ten times the cost, pursuant to Tex.R. App.P. 84. We overrule all points and affirm the judgment.

Brazos County Appraisal District valued Sun's gas processing plant at $2,084,070.00 as of January 1, 1987. Sun protested the appraisal, following the procedures in the Texas Property Tax Code. After the Appraisal Review Board affirmed the appraisal, Sun appealed to the district court.

Based on the evidence produced at the trial de novo in the district court, judgment was rendered for Sun, concluding that the appraised value of $2,084,070.00 exceeded the actual market value of $250,000.00 and awarding Sun $5,000.00 in attorney's fees.

In its first point of error, the District asserts that the trial court's finding of value is against the great weight and preponderance of the evidence. However, because Sun had the burden of proof, the proper point attacking the finding is that the evidence is insufficient to support it. This case was tried to the court, and the District failed to timely request findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 296. Therefore, the judgment must be affirmed if it can be sustained on any lawful theory finding support in the pleadings and evidence. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277 (Tex.1987); *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1977).

The Texas Property Tax Code requires that all property be appraised at its market value as of January 1. Tex.Tax Code Ann. § 23.01(a) (Vernon 1982). Market value is defined in Tex.Tax Code Ann. § 1.04(7) (Vernon 1982) as the price at which a property would transfer for cash or its equivalent under prevailing market conditions if (a) exposed for sale on the open market with a reasonable time for the seller to find a purchaser; (b) both the seller and the purchaser know of all the uses and purposes to which the property is adapted and for which it is capable of being used and of the enforceable restriction on its use; and (c) both the seller and the purchaser seek to maximize their gains and neither is in a position to take advantage of the exigencies of the other. The Tax Code further provides that market value shall be determined by the application of generally accepted appraisal techniques and that each appraisal shall be based on the individual characteristics which affect the property's market value. Tex.Tax Code Ann. § 23.01(b) (Vernon Supp.1989).

The primary witness for Sun was William Dudley, who had been involved with plant operations similar to the Kurten plant since 1946. He had been responsible for the operation, maintenance, shutting down and starting up of similar types of gas processing plants, and he was personally familiar with the Kurten plant. He valued the property in question, using recognized appraisal techniques. He testified that the plant had been moved several times and was obsolete in design. As a result of the economic and functional obsolescence of the plant's design, as well as the price of gas, a decision was made before January 1,

1987, to discontinue operations and close the plant. The plant was actually closed in September of 1988. Dudley testified that because the plant was obsolete, other operators knew it was going to be closed, and there were insufficient supplies of gas at adequate prices to operate the plant at a profit, there was no market on January 1, 1988, for it as an operating unit, and that its market value would be no more than salvage. He put its value as of January 1, 1987, at $250,000.00.

The only testimony offered by the District to show market value of the plant was that of Clyde Arrendell. The court did not allow him to give an opinion of value, however, because he did not use recognized appraisal techniques. The District did not perfect a bill of exceptions showing the excluded evidence, and it does not complain of the trial court's action in excluding its value evidence. The only other evidence the District urged which related to the market value of the Kurten plant as of January 1, 1987, was the appraised value of $2,084,070.00 and the fact that Sun had rendered the property at $1,397,955.00 for the 1987 tax year.

■ Thus, the only evidence of market value presented at trial, other than Sun's rendition, was Sun's appraisal evidence of $250,000.00. Sun was not bound by its rendered value. *Hunt County Tax Appraisal District v. Rubbermaid, Inc.*, 719 S.W.2d 215 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Sun presented testimony that its rendition was generated by a computer program which automatically rendered personal property at fifty percent of its previous year's value, and that was the reason that the rendition for the Kurten plant did not comport with its true market value.

■ Considering the entire record, we find sufficient evidence to support the trial court's finding of market value.

■ A taxpayer who prevails in an appeal to the district court under Tex.Tax Code Ann. § 42.25 (Vernon 1982) may be awarded reasonable attorney's fees not to exceed the greater of $5,000.00 or 20% of the total amount of taxes in dispute. The

attorney for Sun testified that the work done on this case exceeded $14,000.00. The District offered no evidence to dispute the amount, nor was there any cross-examination of Sun's attorney challenging the fees. There is evidence that the tax based on the appraised value asserted by the Appraisal District was $25,263.07, and that the taxes based on $250,000.00 would be $3,030.50. Therefore, the amount awarded of $5,000.00 is the greater amount of those authorized in Tex.Tax Code Ann. § 42.29 (Vernon Supp.1989).

■ By cross-point, Sun alleges that it is entitled to ten times the costs in this cause pursuant to Tex.R.App.P. 84, because the District's appeal is frivolous and without merit. The right of appellate review will not be penalized absent a showing that the appellant had no reasonable ground to believe the judgment would be reversed. *St. Louis Southwestern Ry. Co. v. Marks*, 749 S.W.2d 911 (Tex.App.—Texarkana 1988, writ denied). The District's attack on the evidence, although overruled, sufficiently shows a ground on which it could have reasonably believed the judgment would be reversed.

For the reasons stated, we affirm the judgment of the trial court without the imposition of penalties under Rule 84.