**Dennis AMBROSE and Ann Marie Ambrose, Appellants,**

v.

**Bruno MACK and Maria Isabel Mack, Appellees.**

**No. 13–89–306–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 29, 1990.

Rehearing Overruled Dec. 28, 1990.

Denis Downey, Downey & Sullivan, Brownsville, for appellants.

O. C. Hamilton, Jr., Keith C. Livesay, Annie S. Garcy, Ewers & Toothaker, McAllen, for appellees.

Before SEERDEN, KENNEDY and KEYS, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from an order of dismissal of Dennis and Ann Marie Ambrose's cause of action against Bruno and Isabel Mack, based on the doctrine of res judicata. We affirm.

In the early 1980's, the parties were involved in a business partnership venture known as the "Las Palmas" Apartments in Brownsville, Texas. When dealings between the parties went sour in 1985, the Ambroses filed suit against the Macks seeking one half of the partnership proceeds and additional damages for fraud and mental anguish. On March 12, 1986, Judge Diego Leal ordered that the apartment complex be offered for sale through a private listing for a period of six months, and if it was not sold within this time, it was to be sold at a public auction to the highest bidder. The order entered by Judge Leal also stated that the partnership was to be dissolved, that the Macks were to prepare all required tax returns for the partnership within thirty days, and awarded attorney fees to the Ambroses' attorney. After the entry of this order on April 25, 1986 but prior to the sale of the property, Judge Leal died and was replaced by Judge Jane Brasch. On June 1, 1986, Judge Brasch entered an order that the property be sold at a public auction to the highest bidder. A sale was subsequently conducted on the courthouse steps, and the property was purchased by the Macks. On January 27, 1988, Judge Brasch signed an order entitled "Final Order Disbursing Proceeds." Appellants filed a motion to modify this order, alleging that certain improprieties existed with the accounting of the final disbursement. The trial court denied this motion, and no appeal was taken. Appellants filed the petition in the instant case in December, 1988, alleging that the accounting had been improper, and further alleging fraud and violations of the duty of good faith and fair dealing. Appellees filed a motion to dismiss based on the doctrines of res judicata and collateral estoppel. The trial court granted this motion.

By their first point of error, appellants assert that the trial court erred in dismissing all of their causes of action based on the doctrine of res judicata because it lacked the authority to do so. Res judicata is frequently characterized as claim preclusion because it bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in the prior suit. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984); *Russell v. Moeling*, 526 S.W.2d 533, 536 (Tex.1975). When a prior judgment is offered in a subsequent suit in which there is identity of parties, issues, and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same cause of action on the theory that they have merged into the judgment. *Bonniwell*, 663 S.W.2d at 818. Collateral estoppel, on the other hand, is narrower than res judicata and is commonly characterized as issue preclusion because it bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based on the same cause of action. *Id.* A party seeking to invoke the doctrine of collateral estoppel must establish 1) that the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; 2) that those facts were essential to the judgment in the first action; and 3) that the parties were cast as adversaries in the first action. *Id.* The alleged actionable conduct of which appellants complain occurred between the time that Judge Leal entered his order of April 25, 1986, and Judge Brasch entered her final order disposing of the proceeds on June 1, 1988. The estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered. *See Marino v. State Farm Ins. & Cas. Co.*, 787 S.W.2d 948, 949–50 (Tex.1990). Therefore, the question which must be initially resolved is whether Judge Leal's order of April 25, 1986 was a final judgment. We hold that it was not.

A final judgment is one which settles the rights of all parties and disposes of all issues in a lawsuit. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 892 (1956). When future action is necessary by the court to settle and determine the entire controversy, the judgment is not final. *McCormick v. Hines*, 503 S.W.2d 333, 335 (Tex.Civ.App.—Amarillo 1973, no writ). Here, Judge Leal's order required that a sale of the property be conducted but did not finally disburse the proceeds of the sale to the parties. The order did not dispose of all issues in the case. *See Hunt Oil Co. v. Moore*, 639 S.W.2d 459, 460 (Tex.1982) (partial summary judgment which declared lease terminated and ordered an accounting held not final).

Because the April 25, 1986, judgment was not final, and all of the action complained of in appellants' present suit occurred between the time of its signing and the time of Judge Brasch's final judgment disbursing the proceeds, appellant could have complained of this action in the prior lawsuit. Appellants' complaints raised in the present lawsuit concern the accounting, the alleged agreement concerning the accounting, and the sale of the property which took place before the final judgment. Appellant even raised these arguments in a motion to modify the judgment, which was denied. Appellants proper remedy was to appeal that judgment. That the judgment may have been wrong does not affect the application of res judicata. *Victoria County Elec. Co–op. Co. v. Nat'l Steel Prod. Co.*, 704 S.W.2d 80, 82 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Appellants' first point of error is overruled.

By their second point of error, appellants allege that the trial court erred in dismissing their lawsuit since it lacked the authority to do so. The gist of this argument is that the proper procedure for the appellees seeking to assert res judicata would have been a motion for summary judgment and not the motion to dismiss which was used by appellees. However, appellants had ample opportunity to object to this procedure in the trial court. They filed a responsive pleading to appellees' motion and, when it was denied, filed a motion for new trial. In neither of these pleadings did appellants complain of the procedure in which they sought to terminate the litigation. Therefore, appellants have waived their right to complain of this process. *See* Tex.R.App.P. 52(a). Appellants' second point of error is overruled, and the judgment of the trial court is affirmed.

By a single crosspoint, appellees seek sanctions for the taking of a frivolous appeal. Tex.R.App.P. 84 authorizes this court to award an amount not to exceed ten percent of the amount of damages awarded to an appellee against an appellant when the court determines that the appeal was taken for delay and without sufficient cause. In determining whether delay damages are appropriate, this court must review the record from the advocate's point of view at the time the appeal was taken to determine if reasonable grounds existed to believe that the case should be reversed. *Daniel v. Esmaili*, 761 S.W.2d 827, 830 (Tex.App.—Dallas 1988, no writ). Further, in viewing the case from the advocate's perspective, this Court should impose damages only if the likelihood of a favorable result was so improbable as to make this an appeal taken for delay and without sufficient cause. *Id.* With this criteria in mind, we will now review the record for factors that indicate a justification for awarding damages under Tex.R.App.P. 84.

Clearly, the subject matter and issues in this lawsuit either were brought or could have been brought in the previous suit. No appeal was taken in that case. Now, appellants are merely attempting to relitigate in this suit those matters which could have been previously litigated. In so doing, they are asserting a position that is contrary to well-settled, established law. *See Southern Life & Health Ins. Co. v. Medrano*, 698 S.W.2d 457, 462 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Because the basic tenet of res judicata and collateral estoppel is to bar the relitigation of previously litigated matters, the rule regarding the assessment of damages for

prosecuting an appeal for purposes of delay and without sufficient cause is even more compelling in cases where a clear attempt to relitigate has been made. We believe that this is such a case. Because we find that the instant appeal was brought for purposes of delay and without sufficient cause, we exercise our discretion to assess damages in the sum of $500.00 against appellants and in favor of appellees.