**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**Thomas CARTER as Next Friend of Michelle Carter, a Minor, and David M. Clinton, Appellees.**

No. 13–91–646–CV.

Court of Appeals of Texas, Corpus Christi.

May 6, 1993.

Jennifer Bruch Hogan, Ben Taylor, Fulbright & Jaworski, Houston, for appellant.

Anthony F. Constant, Corpus Christi, Kimberley Hall Seger, Seger & Allison, Russell H. McMains, McMains & Constant, Corpus Christi, for appellees.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

Allstate Insurance Company appeals a judgment against it for failure to pay a claim when liability was reasonably clear, breach of the duty of good faith and fair dealing, and negligence. By two points of error, Allstate complains of questions submitted to the jury and an instruction accompanying those questions. By one cross-point, the appellees seek damages from Allstate for bringing this appeal without sufficient cause, solely for delay. The judgment of the trial court is affirmed.

Allstate issued a policy of automobile liability insurance to Richard Johnston. On January 16, 1986, while driving Johnston's car, David Clinton ran over and severely injured Michelle Carter, a minor. Clinton had liability insurance through National County Mutual Insurance Company, but was also covered by Johnston's Allstate policy while driving Johnston's car.

Without filing suit, the Carters agreed to settle this case for the value of Clinton's coverage under the National County and Allstate policies: $20,000 and $25,000, respectively. Allstate agreed. The parties filed a friendly lawsuit to have the settlement approved by a court.

However, on the day of the hearing to finalize the agreement, May 30, 1986, Allstate's attorneys added a previously undiscussed provision to the proposed agreement. That provision required the Carters to indemnify Allstate, National, Clinton, and Johnston for all costs incurred by them in the litigation of any future claims asserted against them arising from this accident. Allstate's counsel insisted the indemnity provision be included, but the Carters' attorney refused to settle because of the clause. The parties did not settle the case.

On June 4, 1986, the Carters non-suited their "friendly" action against Clinton, and filed a personal injury suit against him. Clinton was ultimately found liable for $2.825 million, and the Carters acquired any cause of action Clinton would have against Allstate. A "Stowers Doctrine"[1] action was brought against Allstate and its attorneys, which also alleged various other causes of action. The conclusion of this "Stowers" action is the subject of this appeal.

The parties here filed a preliminary agreement and stipulations in this case. They agreed that the sole issue to be considered was Allstate's and its attorneys' purported wrongdoing with regard to the settling of this case prior to January 1, 1987. Clinton's pleadings conformed to this agreement. The parties further stipu-

lated that should the jury find Allstate guilty of wrongdoing, the insurance company would be liable for the full $2.825 million judgment the Carters held against Clinton.

Clinton's action against Allstate was tried to a jury, which was asked three questions: (1) was Allstate's failure to settle negligence; (2) did Allstate fail to promptly and equitably pay the claim when liability was reasonably clear; and (3) did Allstate breach its duty of good faith and fair dealing in the handling of the claim of Michelle Carter against David Clinton. The jury answered each question affirmatively. On the basis of the jury's verdict and the stipulations of the parties, the trial court entered judgment against Allstate in favor of the Carters for $2.825 million. It is from that judgment that Allstate appeals.

By its first point of error, Allstate complains of the three questions submitted to the jury. It contends the trial court submitted issues not raised by the pleadings and contrary to the stipulations, and that the court should have submitted Allstate's own proposed questions. The company maintains that the error was harmful.

Specifically, Allstate complains that the parties stipulated that only those alleged wrongdoings committed by Allstate prior to January 1, 1987, would be the subject of the action, but the questions asked the jury were not so restricted in time. Allstate contends that the jury was allowed to consider the actions of the insurance company after January 1, 1987. Allstate is particularly concerned with statements made by opposing counsel during closing arguments. Counsel stated, among other things, that Allstate failed, "to this day," to pay the coverage limit available to Clinton under the Allstate policy and that Allstate never presented a settlement check at any time after May, 1986.

Allstate objected to the questions submitted to the jury on the basis that they were not supported by the pleadings, thereby

---

**1.** *See G.A. Stowers Furniture Co. v. American Indem. Co.,* 15 S.W.2d 544 (Tex.Comm.App.1929, holding approved).

allowing the jury to consider actions by the company after the stipulated January 1, 1987, deadline. The company accordingly tendered its own requested jury issues, which included the January 1, 1987, time limit, among other additions. The trial court overruled the objections and refused the requested issues.

■■■ Great discretion is given to the trial judge to submit the contested issues broadly for the jury's determination. *Texas Dept. of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990) (opinion on rehearing). The issues are raised by the pleadings and the contested evidence. *Scott v. Atchison, Topeka & Santa Fe Ry. Co.*, 572 S.W.2d 273, 277 (Tex.1978); *Ahlschlager v. Remington Arms Co., Inc.*, 750 S.W.2d 832, 835 (Tex.App.—Houston [14th Dist.] 1988, writ denied). If there is no conflicting evidence so that a factual matter is not in dispute, there is no need to submit it to the jury. *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 655 (Tex.1987); *City of Dallas v. Moreau*, 718 S.W.2d 776, 779–80 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Here, then, the issue is whether the trial court erred by failing to restrict the jury's consideration to Allstate's actions prior to January 1, 1987.

■ In its appellate brief, Allstate fails to direct our attention to any evidence of wrongdoing on the part of Allstate after January 1, 1987. Jury argument made by counsel is not evidence. Remarks by an attorney during the course of a trial are not evidence unless the attorney is actually testifying. *Collier Servs. Corp. v. Salinas*, 812 S.W.2d 372, 377 (Tex.App.—Corpus Christi 1991, no writ); *Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 533 (Tex.App.—San Antonio 1988, writ denied).

After our own careful review of the record, however, we have found an instance during Clinton's case-in-chief in which evidence that hinted of wrongdoing after January 1, 1987, was admitted. David Smith, counsel for the Carters during the negotiations with Allstate and the instigation of

the friendly lawsuit, testified that Allstate failed to bring a settlement check in the amount of $25,000 to the May 30 hearing finalizing the settlement agreement. He was asked if he received a check the week following the hearing, and he replied, "No." Smith was then asked, "Was any further representation made to you about *any time ever* that it would be delivered to you?" Smith responded, "No, none." [2]

Again during Smith's testimony,

Q: *From that day to this day*, has Allstate, through anybody, any of their attorneys, Mr. Stone, Mr. Griffin, anybody for Allstate, ever said to you that now we can go through with the settlement without that indemnity agreement?

A: No, they never have.

Finally, Smith testified,

Q: *To this very day*, has the Allstate Insurance Company ever paid a single penny on behalf of Mr. Clinton, with regard to the judgment that has been taken against him?

A: No, they haven't paid anything.

■ This is less than a scintilla of evidence of Allstate's conduct after January 1, 1987. As such it is no evidence. Furthermore, Allstate failed to object to the testimony. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion stating the specific grounds for the ruling desired. Tex. R.App.P. 52(a).

Allstate concedes on appeal that the evidence is both legally and factually sufficient to support the jury's verdict against it. Allstate argues that its failure to pay or settle with the Carters after January 1, 1987, should not have been considered by the jury and the failure of the trial court to restrict the jury's consideration to events prior to that date was harmful error.

■■ In all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions. Tex.R.Civ.P. 277. The court has discretion in framing the questions to the jury. Controlling issues of fact are to be determined by the jury.

---

**2.** All emphasis throughout this opinion is that of the Court of Appeals unless otherwise noted.

There was no evidence of wrongdoing by Allstate after January 1, 1987. All of the evidence regarding Allstate's failure to adequately represent its insured centered on the company's insistence on the indemnity language in the aborted settlement attempt that occurred on May 30, 1986. Whether that constituted a breach of its duty to its insured was the question to be decided. The trial court did not err. Point of error one is overruled.

By point two, Allstate contends that the court's instructions to the jury regarding the negligence of its attorneys were redundant and unfairly prejudiced the jury. Specifically, the pertinent part of the charge read,

> You are further instructed that when an insurance company hires attorneys, pursuant to an insurance contract, to represent an insured with regard to such claims, *then the insurance company is responsible for the conduct of the attorneys.* Therefore, the insurance company is liable to the insured *for any negligence of the attorneys in conducting the affairs of the insured with reference to the claims.*

Allstate complains about the underlined portions of the instruction. Allstate contends that this "redundantly and prejudicially nudged the jury to focus on [Clinton's] chosen theory that Allstate was liable for any and all misfeasance of the attorneys Allstate hired to defend David Clinton's interests." Essentially, the insurance company asserts that the instruction was a comment on the weight of the evidence. Allstate requests that we employ a TEX.R.APP.P. 81(b)(1) harmful error analysis.

The parties stipulated before this Stowers Doctrine trial that the law firm originally representing Allstate—Giesel, Stone, Barker & Lyman of Houston—was Allstate's agent when the Carters originally filed a claim against Clinton in 1986. The parties further stipulated that Allstate was legally responsible for any conduct of the law firm during its representation of Allstate in the Carter/Clinton matter. Moreover, the evidence in the case was undisputed that Allstate had a duty to retain counsel to defend Clinton's interests in the Carters' action against him. The friendly lawsuit filed to effectuate the settlement agreement originally entered into in May, 1986, was filed by Allstate's lawyers. It was undisputed that substantially all of the dealings the Carters' attorneys had with Allstate were through the company's lawyers.

■ Notwithstanding the parties' stipulation of Allstate's responsibility for its counsel's negligence, and the undisputed evidence to support that theory, we find that the instruction was not improper. The sufficiency of the explanation necessary in the charge to enable the jury to render a verdict is within the discretion of the trial judge. *Heritage Manor, Inc. v. Tidball,* 724 S.W.2d 952, 955 (Tex.App.—San Antonio 1987, no writ); *Home Ins. Co. v. Gillum,* 680 S.W.2d 844, 849 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

In *Ranger County Mut. Ins. Co. v. Guin,* 723 S.W.2d 656, 658–660 (Tex.1987), the Texas Supreme Court approved a jury instruction substantially similar to that complained of here. The instruction stated, in pertinent part,

> the *insurance company is* as *responsible* to the insured *for the conduct of the sub-agent [attorney]* with reference to the litigation as the insurance company is for its own conduct. *Therefore, the insurance company is liable* to the insured *for damages caused* to the insured, if any, *by the negligence,* if any, *of the sub-agent* in conducting the affairs of the insured with reference to the litigation. (emphasis ours).

*Guin,* 723 S.W.2d at 658. The supreme court held that the instructions given by the trial court properly explained the basis on which the jury could find negligence in the case, limited the jury to the evidence, and cited the pertinent law. *Id.* at 660.

■ The instruction about which Allstate complains is a proper recital of the applicable law and was therefore properly submitted to the jury. *See Texas Employers Ins. Ass'n v. Duree,* 798 S.W.2d 406, 413 (Tex.App.—Fort Worth 1990, writ de-

nied) (proper jury instruction is one that both assists the jury and is legally correct; it must not either misstate the law or mislead the jury). The instruction here explains that an agency relationship exists, and then properly explains the extent of that agency relationship. Point two is overruled.

By cross-point, Clinton requests that this court award damages because Allstate has taken a frivolous appeal. Clinton cites TEX. R.APP.P. 84 to support his contention. That rule provides:

> In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant.

■ In construing that rule, this court has held that the record is reviewed from the advocate's vantage point to determine if reasonable grounds existed to believe the case would be reversed. *Ambrose v. Mack*, 800 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, writ denied). Penalties should only be imposed if the likelihood of a favorable result was so improbable so as to require the conclusion that the appeal was taken for delay and without sufficient cause. *Ambrose*, 800 S.W.2d at 383; *see Exxon Corp. v. Shuttlesworth*, 800 S.W.2d 902, 908 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Brazos County Appraisal Dist. v. Sun Operating Ltd. Partnership*, 778 S.W.2d 130, 132 (Tex.App.—Texarkana 1989, no writ). The additional damages called for by Rule 84 should be imposed with prudence, caution, and after careful deliberation. *Shuttlesworth*, 800 S.W.2d at 908; *Loyd Elec. Co., Inc. v. Millett*, 767 S.W.2d 476, 484 (Tex.App.—San Antonio 1989, no writ).

In determining whether the appeal was taken only for delay and without sufficient cause we are mindful that unique questions of law on appeal often do not have a significant chance of success. However, it is through innovative legal positions that the body of law progresses in the common law tradition. We will not impose penalties that would tend to deter that development.

We have reviewed the record and the points raised by appellant carefully. While reasonable minds may differ with regard to the frivolity of this appeal, we prefer to err on the side of prudence. We are unable to say that this appeal was pursued solely for the purpose of delay. Appellant's cross-point is overruled.

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.