HOUSING AUTHORITY OF the CITY OF CORPUS CHRISTI, Appellant,

v.

Frances MASSEY, Appellee.

No. 13–93–033–CV.

Court of Appeals of Texas,
Corpus Christi.

May 5, 1994.

William Robert Anderson, III, Sorrell, Anderson & Lenrman, Corpus Christi, for appellant.

Nancy B. DeLong, Coastal Bend Legal Services, Corpus Christi, for appellee.

Before DORSEY, GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

The trial court permanently enjoined appellant, the Housing Authority of the City of Corpus Christi ("Housing Authority"), from executing a writ of possession, issued pursuant to the judgment of County Court at Law No. One granting possession of Frances Massey's property to appellant. By thirty-three points of error, the Housing Authority appeals from the trial court's judgment. We affirm.

On June 1, 1990, appellant brought a forcible entry and detainer action against Massey for violations of her lease provisions, including threats to the health and safety of residents and disturbance of peaceful enjoyment of tenants' accommodations. A Justice of the Peace awarded possession of the premises to the Housing Authority. On appeal, the County Court at Law No. One (Court No. One) affirmed the judgment in August, 1991.

For the next nine months, subsequent to the eviction judgment, Massey continued to reside on the premises. During this time period, the Housing Authority continued to accept her monthly rent payments until May 6, 1992, and to provide services such as extermination and plumbing repairs. The fees for these services were charged to Massey's account. The Housing Authority also recertified the Massey household for residency and lowered her rent.[1] Additionally, Massey discussed the eviction with George Hodge, manager of the housing complex, and was told that she need not worry about having to move.

On May 4, 1992, Massey received a notice of termination of lease. On May 7, 1992, Court No. One issued a writ of possession to the Housing Authority to enforce the court's previous judgment. As a result, on May 11, 1992, Massey filed an original petition for injunction in County Court at Law No. Three (Court No. Three). Court No. Three granted a temporary injunction and on September 23, 1992, permanently enjoined the Housing Authority from executing the writ of possession to enforce the judgment of Court No. One. Appellant challenges Court No. Three's judgment granting the permanent injunction.

■ By points of error one through six, the Housing Authority contends that Court No. Three, the trial court below, lacked jurisdiction over the matter and that it erred in issuing the permanent injunction because

---

1. In order to receive its annual subsidies, the Housing Authority annually reevaluates the rent of all tenants, including those in the process of being evicted, to ensure that the rent paid complied with the federal guidelines.

Massey's action was an impermissible collateral attack on the final judgment of Court No. One.

■■■ The nature of an attack on a judgment is defined as follows:

A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or *enjoin* the execution of same in a proceeding instituted for that purpose, such as . . . an injunction to restrain its execution, etc. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid. . . .

*Ernell v. O'Fiel,* 441 S.W.2d 653, 655 (Tex. Civ.App.—Beaumont 1969, writ ref'd n.r.e.) (quoting *Crawford v. McDonald,* 88 Tex. 626, 33 S.W. 325, 327 (1895)) (emphasis added); *see also Employers Cas. Co. v. Block,* 744 S.W.2d 940, 943 (Tex.1988). The jurisdiction of one court cannot be questioned in a different forum if the issue was fully and fairly litigated in the rendering court. *Bass v. Champion Int'l Corp.,* 787 S.W.2d 208, 212 (Tex.App.—Beaumont 1990, no writ). An earlier judgment of one court serves as estoppel from litigation of the same issues in later proceedings. *Id.*

In filing the injunction action, Massey is not questioning the validity of Court No. One's judgment. Rather, this case is an original proceeding in which she seeks new relief based on new facts which developed after the previous final judgment was rendered. The granting of an injunction is in no way an attack on the findings of the prior judgment. The injunction action is an entirely new proceeding, irrespective of the first cause of action, and is based on an alleged new lease between the parties. Massey is attacking the Housing Authority's actions subsequent to Court No. One's judgment, not the judgment itself. It is undisputed that Court No. One's judgment was valid under the circumstances then existing. However, appellee asserts that new facts, namely a new lease, now exist and the Housing Authority must bring a new forcible entry and detainer action to evict Massey. Thus, Massey's action in Court No. Three is not an impermissible collateral attack on the validity of the previous judgment and Court

No. Three had jurisdiction to rule on the petition for injunction. We overrule appellant's points of error one through six.

■■■ By points of error seven through twelve, the Housing Authority asserts that the doctrines of res judicata and collateral estoppel bar Massey from bringing the present action since the claims and issues were actually litigated in the first action. Res judicata or claim preclusion bars the relitigation of claims within the instant lawsuit that were actually litigated or could have been litigated in the earlier lawsuit. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 384 (Tex.1985); *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985); *Ambrose v. Mack,* 800 S.W.2d 380, 382 (Tex. App.—Corpus Christi 1990, writ denied). A prior judgment serves as an absolute bar to the retrial of claims pertaining to the same cause of action when a subsequent suit involves the same parties, issues, and subject matter. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984); *Ambrose,* 800 S.W.2d at 382.

■■■ Collateral estoppel, or issue preclusion, bars the relitigation of any ultimate issue of fact that was actually litigated and essential to the judgment in a prior suit. *Van Dyke,* 697 S.W.2d at 384; *Ambrose,* 800 S.W.2d at 382. To invoke the doctrine of collateral estoppel, appellant must show that: (1) the facts to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the present parties were adversaries in the prior action. *Mower v. Boyer,* 811 S.W.2d 560, 563 (Tex.1991); *Ambrose,* 800 S.W.2d at 382.

Massey's action for injunctive relief in Court No. Three is based on the theory that the Housing Authority waived its right to possession when it did not obtain a writ of possession until nine months after the forcible entry and detainer judgment was entered. She asserts that in the months ensuing the rendition of the prior judgment, new facts developed to establish the creation of a new landlord-tenant relationship. Because of the waiver and new landlord-tenant relationship, Massey contends that the Housing Au-

thority must bring a new forcible entry and detainer action in order to evict her.

The facts pertaining to a new landlord-tenant relationship and waiver of right to possession arose after the prior judgment by Court No. One. Therefore, these facts were not fully and fairly litigated in the first action and they were not essential to the determination of the prior judgment. Moreover, the facts present new issues which were not actually litigated or could have been litigated in the original cause of action. Although the same parties are involved in the two suits, different facts and issues exist which render the doctrines of res judicata and collateral estoppel inapplicable to Massey's action for injunctive relief in Court No. Three. Appellant's points of error seven through twelve are overruled.

■ By points of error sixteen through twenty-four,[2] the Housing Authority challenges the factual and legal sufficiency of the evidence to support the trial court's finding that the Housing Authority waived its right to possession of the premises occupied by Massey. By points of error twenty-five through thirty-three, the Housing Authority challenges (1) the trial court's finding that a new landlord-tenant relationship was created between the two litigants and (2) the factual and legal sufficiency of the evidence to support findings of fact related to the new tenancy. We address these points together.

In reviewing legal sufficiency points, we must consider only the evidence and inferences that support the findings and disregard all evidence and inferences to the contrary. *Weirich v. Weirich,* 833 S.W.2d 942, 945 (Tex.1992); *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989). If the findings are supported by probative evidence, then the point must be overruled and the finding upheld. *Southern States,* 774 S.W.2d at 640.

In reviewing the trial court's finding to determine factual sufficiency of the evidence, we must consider and weigh all the evidence. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986)

(per curiam); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985). We will reverse only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain,* 709 S.W.2d at 176; *Dyson,* 692 S.W.2d at 457.

■ Waiver is a question for the trier of fact to determine. *Estes v. Wilson,* 682 S.W.2d 711,. 714 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Ada Oil Co. v. Logan,* 447 S.W.2d 205, 209 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ). Waiver must be clearly proven and proof must amount to more than a scintilla of the evidence. *Estes,* 682 S.W.2d at 714.

Massey argues that appellant waived its right to a writ of possession because it failed to pursue enforcement of its judgment until nine months later and that appellant's acceptance of rent during the nine months constitutes waiver and the creation of a new tenancy. Massey asserts that when an original lease expires and a tenant remains in possession and the landlord continues to accept rent, the holdover creates a new tenancy. *See Bockelmann v. Marynick,* 788 S.W.2d 569, 571 (Tex.1990); *Barragan v. Munoz,* 525 S.W.2d 559, 562 (Tex.Civ.App.—El Paso 1975, no writ).

The Housing Authority relies on several cases to support its argument that acceptance of rent does not constitute waiver of its right to evict. In *Estes,* the court held that the lessor did not waive her right to complain about a violation of the subletting provision in the lease agreement although she continued to accept payments after the violation occurred. 682 S.W.2d at 714. There the lessor continued to complain about the subletting without her approval and she continuously notified the lessee of her objections thereby signifying that she had not waived any rights.

The Housing Authority also relies on *McCarthy v. Harris,* 17 Mass.App. 1002, 459 N.E.2d 1252 (1984), in which the court stated that although acceptance of rent is controlling if nothing else appears, other facts may

---

**2.** Although appellant challenges the factual sufficiency of the trial court's finding of fact two in its point of error twenty-four, we note that the argu-

ments in appellant's brief actually address the trial court's conclusion of law two.

permit or require a finding that a landlord has not waived his right to possession. *Id.* at 1254. There, the landlords sent a notice to terminate tenancy but continued to accept payments subsequent to the expiration of the notice. The court held that the landlords did not waive notice to terminate because the notice unequivocally stated that any payments accepted after tenants' receipt of the notice are for the use and occupancy of the premises and do not waive any of landlords' rights. Similar language appeared on each of tenants' checks underneath landlord's endorsement. Thus, in *Estes* and *McCarthy,* the landlords consistently maintained their position as to acceptance of payments and nonwaiver.

In the present case, Massey continued to occupy the premises and the Housing Authority simply accepted Massey's rent payments for the nine months following the judgment giving the Housing Authority possession of the premises. Unlike the two cases cited by appellant, there is no evidence in the record to show that the Housing Authority objected, at any time during the nine months, to Massey's continued occupation or continued steps to evict Massey. Massey did sign a notice, dated July 6, 1990, which stated that receipt of rent payment by the Housing Authority in no way waives its rights to continue legal actions instituted because of a violation of the lease, as stated in its notice of termination of lease. However, the notice was signed prior to the date of the final judgment, August, 1991, which is the relevant date here in determining whether there was waiver and thus the development of a new landlord-tenant relationship. Thereafter, Massey did not receive any such notices upon the Housing Authority's acceptance of rent until May, 1992, when a new termination proceeding started. During this crucial period, the Housing Authority failed to consistently maintain its position that it had not waived its right to possession.

The Housing Authority's actions during this time period bolster Massey's contentions of waiver and the creation of a new tenancy. Not only did the Housing Authority continue to accept rent but they also lowered her rent payments in accordance with the results of a recertification of the Massey household. Massey's exhibits 1, 5, and 6 show that the Housing Authority also provided plumbing services in July, 1991, and April, 1992, and extermination services in January, 1992. Additionally, there was uncontradicted testimony from Massey that she discussed her situation with George Hodge, the manager of the housing complex, and he told her not to worry about having to move. Accordingly, Massey did not look for new housing. Moreover, even though the Housing Authority claims that it had not waived its right to enforce its prior judgment, it instituted a new eviction action in May, 1992, but did not pursue the action. We therefore find that the trial court had sufficient evidence to support its findings that appellant waived its right to possession of the premises and that a new landlord-tenant relationship existed between Massey and the Housing Authority. Appellant's points of error sixteen through thirty-three are overruled.

By points thirteen through fifteen, appellant challenges the sufficiency of the evidence to support the trial court's conclusion of law no. three that the Housing Authority is barred from enforcing the judgment granted by Court No. One. Based on our discussion above, we conclude that the trial court's granting of permanent injunction was proper. Appellant's points thirteen through fifteen are overruled.

By a single cross-point, Massey complains that the Statement of Facts in appellant's brief contains matters that were not included in the record. Because this point is not necessary to a final disposition of the case, we decline to address it. Tex.R.App.P. 90(a).

The judgment of the trial court is AFFIRMED.