**The CITY OF ALAMO, Appellant,**

v.

**Leo HOLTON, Appellee.**

No. 13–96–064–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1996.

Rehearing Overruled Dec. 19, 1996.

Thomas Clayton Hollis, Brownsville, Gina Fantasia, Tipton & Gilbert, J. Preston Wrotenbery, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, Houston, for Appellant.

Aaron Pena, Jr., Edinburg, for Appellee.

Before YANEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

CHAVEZ, Justice.

The City of Alamo appeals from an interlocutory order denying its motion for summary judgment based on qualified immunity. Appellee contends that this court is without jurisdiction to consider the appeal because it

never sued an individual, and only an individual could assert the defense of qualified immunity. Appellee further asserts that, even if we assume jurisdiction over this appeal, the appeal should be limited to the issue of immunity. We affirm.

Leo Holton was hired by the City of Alamo in 1991 following a shift in control of the city commission after a new mayor was elected. Holton contends that at his job orientation with the city manager, he was instructed that part of his job duties involved "writing up" and firing six employees who had been identified with the political opposition. He refused to do so. After being on the job and observing the work performance of the six employees, Holton found no justification for their termination. Holton claims the city manager then "wrote up" Holton for not carrying out his orders and again directed him to fire the six employees. Again, Holton refused. Afterwards, Holton believed that the city manager was misappropriating funds and reported this activity to the city attorney and the city commission. Subsequently, the city manager fired Holton.

Holton brought his lawsuit in 1992 against the City of Alamo. In July 1994, the City filed its motion for summary judgment which was denied on January 17, 1996.[1] The case was scheduled for trial on February 12, 1996. The City, however, filed its notice of interlocutory appeal under the provisions of Section 51.014(5), Texas Civil Practice and Remedies Code, on February 5, 1996. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp. 1996). Because of the filing of the notice of appeal, the case was continued.

Appellee contends that this court does not have jurisdiction over this appeal because it is not from a final judgment. Appellant admits that this is an appeal from an interlocutory order, but argues that the order is appealable because the motion was based on qualified immunity. Accordingly, we begin our analysis by first determining if the order denying appellant's motion for summary judgment is an appealable order.

■ An interlocutory order denying a motion for summary judgment is generally neither final nor appealable. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994); *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). An appeal from an interlocutory order is only permitted by special statute. *Gonzalez v. Avalos*, 907 S.W.2d 443 (Tex. 1995). Section 51.014(5) provides that a person may appeal an interlocutory order from a district court that denies a motion for summary judgment based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. *See Koerselman v. Rhynard*, 875 S.W.2d 347, 349 (Tex.App.—Corpus Christi 1994, no writ).

■ The pleadings in the record show that Holton brought suit only against the City of Alamo. The City contends that since its employee's actions, which are protected by the doctrine of qualified immunity,[2] were involved in the termination, then it follows that the City's sovereign immunity remains intact. Appellant cites *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex.1993) in support of its argument. In *Kilburn*, the plaintiff brought suit against the city and an individual employee. The city filed a motion for summary judgment and only asserted the affirmative defense of *sovereign* immunity. The officer never asserted the affirmative defense of qualified immunity and never filed his own motion for summary judgment. The trial court denied the city's motion for judgment, and the city appealed. The supreme court denied writ on the procedural posture of the case because the city had not based its motion on an assertion of qualified immunity (so as to bring it under the provisions of Section 51.014(5)). *Id.* at 812. Here, the

1. The trial court judge notified counsel by written letter on January 17, 1996 that defendant's motion for summary judgment was denied. An order was signed denying the motion on February 13, 1996.

2. The terms "qualified immunity," "official immunity," "quasi-judicial immunity," "discretion-

ary immunity" and "good faith immunity" refer to affirmative defenses available to governmental employees sued in their individual capacities. For all practical purposes, the terms appear to be the same. *See City of Houston v. Kilburn*, 849 S.W.2d 810, 812 n. 1 (Tex.1993).

City of Alamo contended that it was entitled to summary judgment, not only based on its claim of sovereign immunity as a governmental entity, but also based on the qualified immunity claim its employees would enjoy. The Texas Supreme Court has recently held that a governmental entity is not liable for the negligence of its employee where the employee has no liability because of official immunity. *DeWitt v. Harris County,* 904 S.W.2d 650, 654 (Tex.1995). Thus, in instances where the claimant elects not to make the governmental employee, upon whose actions the claim is based, a party to the case, the governmental entity may, nevertheless, rely on its employee's qualified immunity as an affirmative defense. *City of Beverly Hills v. Guevara,* 904 S.W.2d 655, 656 (Tex.1995). By doing so, the city preserves its right to an interlocutory appeal if its motion for summary judgment is denied. Accordingly, we find that the order denying the City's motion for summary judgment is an appealable order.

Holton contends that, even if jurisdiction of this appeal is accepted by the court, Section 51.014(5) limits the review to the merits of the city's immunity defense. *Boozier v. Hambrick,* 846 S.W.2d 593, 596 (Tex.App.—Houston [1st Dist.] 1993, no writ) (appellant does not have standing to appeal any ground set out in her motion for summary judgment except that of immunity). We agree. Accordingly, we will only consider appellant's point of error four which contends that the trial court erred in denying its motion for summary judgment because the city manager's decision to terminate Holton was discretionary and protected by qualified immunity.

■ Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). Official immunity is an affirmative defense and the burden of proof is upon the defendant. *Id.*

In support of its immunity claim, the city contends that the city manager's decision to terminate Holton was discretionary and protected by qualified immunity, and that Holton was a probationary, at-will employee to whom no recognized exception to the at-will doctrine applies. Holton testified in his deposition that he had no contract of employment, had been hired on a six month probationary basis and that his termination came after being on the job for about ninety days. Holton also testified that, since he was a probationary employee, he could be terminated at any time and that it was not necessary for the city manager to give him any reason for his termination. According to Holton, however, the city manager told Holton that he was not satisfied with him. Holton contends that the reasons for his termination were different from those given to him by the city manager. In the affidavit filed in support of his response to the city's motion for summary judgment, Holton asserts that he was terminated for reporting the activities of the city manager, which he in good faith believed to be illegal, to the mayor, the city attorney and municipal judge. That cause of action is alleged in his second amended original petition.

■ Holton, in his amended petition, alleges that he was wrongfully discharged contrary to Article 6252–16a, the Whistleblower Act, in that his firing was in retaliation for his good faith reporting of violations of law by a public employee to an appropriate law enforcement authority.[3] The Act gives a public employee, whose employment is terminated under such circumstances, the right to sue for damages and other relief. *Dep't of Human Servs. v. Hinds,* 904 S.W.2d 629, 631 (Tex.1995). The Act does not distinguish between a probationary or non-probationary employee. By enacting the Whitleblower Act, the Legislature has waived sovereign immunity for local governments in causes of action accruing to public employees whose employment has been terminated under facts such as alleged by Holton. Because Holton has sued under the Whistleblower Act, the validity of the city's affirmative defense

---

**3.** Tex Rev.Civ. Stat. Ann. art. 6252–16a, Act of May 30, 1983, 68th Leg.,R.S., ch. 832, 1983 Tex.Gen. Laws 4751, *repealed by* Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 46(1), 1993 Tex. Gen. Laws 583, 986, (recodified as Tex. Gov't Code Ann. §§ 554.001–.009 (Vernon 1994)).

based on its employee's immunity can only be decided after a trier of fact determines the circumstances surrounding Holton's termination. *City of Beverly Hills*, 904 S.W.2d at 656. Since material issues of fact regarding Holton's termination exist, summary judgment would not have been proper in this case. Accordingly, we overrule appellant's point of error four.

■■■■■ Appellee brings one cross point, urging that it be awarded damages on grounds that the filing of this appeal was frivolous and done for purposes of delay. In cases where there is no existing award of damages to the prevailing appellee, courts of appeals are authorized to award an amount not exceeding ten times the total taxable costs of the appeal to the appellee as damages against the appellant for filing an appeal for delay and without sufficient cause. Tex. R.App. P. 84. We award damages under rule 84 only after prudent and cautious consideration. *Allstate Ins. Co. v. Carter*, 855 S.W.2d 97, 102 (Tex.App.—Corpus Christi 1993, writ granted for settlement only, 859 S.W.2d 367 (Tex.1993)).[4] When considering a cross point for damages under rule 84, we view the record from the appellant's point of view at the time the appeal was filed. *Ambrose v. Mack*, 800 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, writ denied). We impose damages only if the likelihood of a favorable result for the appellant was so improbable as to make this an appeal taken only for delay and without sufficient cause. *Id.*

■■■ While the law in this case is clearly contrary to appellant's points of error, there is little indication that this appeal was taken for purposes of delay. The most significant delay in the history of the case was between the filing of appellant's motion for summary judgment on July 1, 1994, and the eventual decision on January 17, 1996. Since either party is able to request a hearing on a motion for summary judgment and thereby speed the proceedings, blame for this delay lies as much with the appellee as the appellant. Furthermore, this appeal was an accel-

erated appeal and therefore does not delay the case as long as an ordinary appeal. Appellee's cross point is overruled.

The judgment of the trial court is AFFIRMED.

---

4. After this court rendered its decision, the parties reached a settlement agreement and filed a joint writ of error that was granted without reference to the merits of our decision for the purpose of remanding the case to trial court for entry of judgment in accordance with the settlement agreement.