**Motion to Dismiss Granted; Motion for Sanctions Denied; Appeal Dismissed and Memorandum Opinion filed April 28, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00212-CV

---

## IN ESTATE OF DORIS J. SIMON, INCAPACITATED

---

**On Appeal from Probate Court No. 1
Harris County, Texas
Trial Court Cause No. 419,625-401**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an interlocutory order signed January 28, 2015. The record reflects that appellant Morna Simon-McGuffey sued Michael Boltz, Angela Johnson, Joellen Snow, Jerry Simoneaux and Lauren Byrd alleging, among other things, negligence in the handling of the guardianship of McGuffey's mother, Doris Jean Simon. Johnson and Snow filed petitions to dismiss under Texas Rule of Civil Procedure 91a alleging McGuffey brought a baseless cause of action against them. On November 24, 2014, the trial court signed an order

granting Snow's motion to dismiss and awarding attorney's fees. On January 10, 2015, the ward passed away. On January 28, 2015, the trial court signed an amended order granting Johnson's motion to dismiss and awarding attorneys' fees. On February 25, 2015, McGuffey filed a notice of appeal seeking to appeal the trial court's November 24, 2014 order granting Snow's motion to dismiss and the January 28, 2015 order granting Johnson's motion to dismiss.

On April 9, 2015, Snow filed a motion to dismiss the appeal in which she alleges this court does not have jurisdiction because (1) the dismissal orders are interlocutory because they did not dispose of Boltz, Simoneaux and Byrd; and (2) the issues are moot because the ward passed away. Snow also asks for $6,470 in attorneys' fees as sanctions for defending a frivolous appeal.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and not appealable until final judgment is entered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

On April 17, 2015, McGuffey filed a response in which she informs the court that a hearing has been set in the trial court on April 23, 2015, to request permission to appeal the interlocutory order under section 51.014(f) of the Civil Practice and Remedies Code.[1] The Rules of Appellate Procedure require a petition filed in the court of appeals when a party requests permission to file an appeal under section 51.014(f). Tex. R. App. P. 28.3(a). If the trial court grants permission to appeal, McGuffey may file a petition requesting permission to appeal the

---

[1] In her response, McGuffey also mentions that she a motion to sever on December 1, 2014 on which no hearing was held. McGuffey, however, does not argue that Snow and Johnson's appeals should be severed, but argues the court should consider the interlocutory appeal if the trial court grants permission to appeal.

2

interlocutory orders. That procedure has not been followed in this case. Because McGuffey's response fails to demonstrate that this court has jurisdiction over the appeal, we grant appellee's motion to dismiss.[2]

Snow also seeks sanctions under Texas Rule of Appellate Procedure 45 alleging McGuffey brought this interlocutory appeal solely for delay without observing the minimal procedural requirements for an appeal. Whether to grant sanctions is a matter of discretion, which we exercise with prudence and caution, and only after careful deliberation. *Casteel–Diebolt v. Diebolt*, 912 S.W.2d 302, 306 (Tex. App.—Houston [14th Dist.] 1995, no writ). Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *City of Houston v. Crabb*, 905 S.W.2d 669, 676 (Tex. App.—Houston [14th Dist.] 1995, no writ).

In determining whether sanctions are appropriate, we carefully consider the record from the appellant's point of view at the time the appeal was filed. *See City of Alamo v. Holton*, 934 S.W.2d 833, 837 (Tex. App.—Corpus Christi 1996, no writ). Among the factors we consider are whether the appellant had a reasonable expectation of reversal and whether she pursued the appeal in bad faith. *Tate v. E.I. DuPont de Nemours & Co.*, 954 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Chapman v. Hootman*, 999 S.W.2d 118, 124 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

McGuffey's appeal does not have the earmarks of a bad faith filing. While her response demonstrates she understands this is an interlocutory appeal, the record does not evidence such egregious circumstances that sanctions are warranted.

---

[2] We decline to address the issue of mootness because we have determined that this court lacks appellate jurisdiction over the attempted appeal from the interlocutory orders at issue.

Accordingly, we deny the motion for sanctions and grant the motion to dismiss the appeal.


PER CURIAM


Panel consists of Justices Boyce, McCally, and Donovan.