ACCEPTED
03-14-00561-CV
5193710
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/7/2015 1:36:25 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00561-CV

IN THE COURT OF APPEALS OF TEXAS
THIRD DISTRICT, AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/7/2015 1:36:25 PM
JEFFREY D. KYLE
Clerk

**DANA DUTSCHMANN and KEVIN BIERWIRTH,**

*Appellants,*

vs.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
*Appellee.*

**On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court Cause No. C-1-CV-15-006351**

**APPELLEE'S BRIEF**

Brian P. Casey
State Bar No. 00793476
Douglas G. Dent
State Bar No. 24078062
6836 Bee Caves, Bldg. 3, Suite 303
Austin, Texas 78746
Tel.: 512-617-6409
Fax: 888-530-9616
bcasey@caseylawtx.com
ddent@caseylawtx.com

ATTORNEYS FOR APPELLEE
FEDERAL NATIONAL MORTGAGE
ASSOCIATION

1

## IDENTITY OF THE PARTIES AND COUNSEL

The parties to the Trial Court's judgment/order appealed from are as follows:

**Defendant / Appellant**

Dana Dutschmann, *Pro Se*
c/o 13276 Research Boulevard, Suite 204
Austin, Texas 78750
Tel.: 512-779-6254

Stephen Casey
State Bar No. 24065015
Casey Law Office, P.C.
595 Round Rock West Drive, Suite 102
Round Rock, Texas 78681
Tel.: 512-257-1324
**Trial Court Counsel

**Interpleader / "Real Party in Interest" / Appellant**

Kevin Bierwirth, *Pro Se*
13276 Research Boulevard, Suite 204
Austin, Texas 78750
Tel.: 512-825-0331

Stephen Casey
State Bar No. 24065015
Casey Law Office, P.C.
595 Round Rock West Drive, Suite 102
Round Rock, Texas 78681
Tel.: 512-257-1324
**Trial Court Counsel

**Plaintiff / Appellee**

Federal National Mortgage Association

**Trial Court and Appellate Counsel for Plaintiff / Appellee**

Brian P. Casey
State Bar No. 00793476
6836 Bee Caves, Bldg. 3, Suite 303
Austin, Texas 78746
Tel.: 512-617-6409

Douglas G. Dent
State Bar No. 24078062
6836 Bee Caves, Bldg. 3, Suite 303
Austin, Texas 78746
Tel.: 512-617-6402

Jeffry B. Lewis
State Bar No. 12290000
Robertson Anschutz Vetters
10333 Richmond Avenue, Suite 550
Houston, Texas 77042
Tel.: 713-980-9500

# TABLE OF CONTENTS

ABBREVIATIONS ................................................................................6

TABLE OF AUTHORITIES ................................................................7

I.  STATEMENT OF THE CASE ........................................................9

II.  STATEMENT ON ORAL ARUMENT ..........................................9

III.  STATEMENT OF JURISDICTION ..............................................9

IV.  CROSS-ISSUE AND RESTATED ISSUES PRESENTED .......10

Cross-Issue No. 1:  This appeal is moot because the only issue in a forcible detainer action is possession, and Appellants are no longer in possession of the property and make no argument that they are entitled to immediate possession. ...............................................................................................................10

Restated Bierwirth Issue No. 1:  The applicable statute of limitations does not bar Appellee's cause of action.....................................................................10

Restated Bierwirth Issue No. 2:  The Tex. R. Civ. P. 310 writ of possession is not improper and is not relevant to this appeal....................................................10

Restated Bierwirth Issue No. 3:  The failure of the trial court to set a supersedeas bond amount is not an error of law. ...........................................................10

Restated Bierwirth Issue No. 4:  The trial court's failure to sign the Judgment Order does not constitute judicial error. ..........................................................10

Restated Bierwirth Issue No. 5: Bierwirth was not denied due process of law...10

Restated Bierwirth Issue No. 6:  The trial court did not misapply the law at the hearing on Bierwirth's Emergency Petition for Writ of Reentry...........................10

Restated Dutschmann Issue: Dutschmann was not denied due process of law...10

V.  STATEMENT OF FACTS .............................................................10

VI.  SUMMARY OF THE ARGUMENT ............................................14

VII.  ARGUMENT AND AUTHORITIES ..........................................14

A.  This appeal is moot because Appellants are no longer in actual possession of the subject property.................................................................................14

B.  Appellee's forcible detainer action is not barred by the statute of limitations. ...............................................................................................................17

C. Bierwirth's challenge of the prior Summary Judgment Order, Home Equity Foreclosure, and Tex. R. Civ. P. 310 writs of possession constitute an impermissible collateral attack. ................................................................. 18

D. The lack of a supersedeas bond is not reversible error. ........................................ 20

E. The Hon. Judge Eric M. Shepperd's signing of the Judgment Order does not constitute judicial error. ......................................................................................... 20

F. Appellant Bierwirth was not denied due process of law. ..................................... 22

G. The trial court did not misapply the law at the hearing on Appellant's Emergency Petition for Writ of Reentry. ........................................................... 23

H. Appellant Dutschmann's due process rights were not violated. ......................... 24

**VIII. PRAYER ................................................................................. 26**

**ABBREVIATIONS**

CR = Clerk's Record

RR = Reporter's Record

# TABLE OF AUTHORITIES

**Cases**

*Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153 (Tex.App. – Dallas 1980, no writ) 16

*Bass v. Champion Int'l Corp.*, 787 S.W.2d 208 (Tex.App. – Beaumont 1990, no writ) .................................................................................................................18

*Bello v. Tarrant County*, 2010 Tex.App. LEXIS 9763 (Tex.App. – Fort Worth 2010, pet. denied) ..................................................................................................21

*Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909 (Tex. 2013) ...16

*First General Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495 (Tex.App. – Austin 1998, pet denied) ...................................................................................16

*Flores v. United Freedom Associates, Inc.*, 314 S.W.3d 113 (Tex. App.—El Paso 2010, no pet.) ....................................................................................................20

*Green v. Kaposta*, 152 S.W.3d 839 (Tex. App. —Dallas 2005, no pet.)................20

*Housing Auth. v. Massey*, 878 S.W.2d 624 (Tex.App. – Corpus Christi 1994, no pet.) ...........................................................................................................18

*Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990) ........................16

*Peck v. Fed. Home Loan Mortg. Corp.*, 2913 Tex.App. LEXIS 15154 (Tex.App. – Austin 2013, no pet.)...............................................................................14, 15, 19

*Resendez v. FV REO I, LLC*, 2014 Tex.App. LEXIS 1096 (Tex.App. – Austin 2014, no pet.) ....................................................................................................14

*Tectonic Realty Inv. Co. v. CAN Lloyd's of Texas Ins. Co.*, 812 S.W.2d 647 (Tex.App. – Dallas 1991, writ denied) ..............................................................16

*Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495 (Tex.App. – Houston [14th Dist.] 1995, no writ)...................................................................................................16

*Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3 766 (Tex.App. – Houston [14th Dist.] 2011, no pet.) ...........................................................................................14

7

*Williams v. Bank of New York Mellon*, 315 S.W.3d 926 (Tex.App. – Dallas 2010, no pet.) ...............................................................................................14

**Statutes**

Tex. Prop. Code § 24.007 ...............................................................................23

**Rules**

Tex. R. Civ. P. 510 .............................................................................15, 23, 24

Tex. R. App. P. 38 .......................................................................................21

# I. STATEMENT OF THE CASE

Appellee brought a suit for forcible detainer against Appellant Dutschmann.[1] Appellant Bierwirth intervened and Appellants asserted objections based upon Appellee's capacity to sue, the Trial Court's jurisdiction, the statute of limitations, and alleged failure to properly plead.[2] The Trial Court entered judgment for Appellee and granted Appellee possession of the subject property on August 8, 2014.[3] Appellant Bierwirth subsequently requested a Writ of Reentry.[4] The Trial Court denied Appellant Bierwirth's request for a Writ of Reentry on October 14, 2014.[5]

# II. STATEMENT ON ORAL ARUMENT

Appellee does not request oral argument and does not believe that oral argument is necessary to address the issues raised by this appeal.

# III. STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal pursuant to Texas Civil Practice & Remedies Code § 51.012.

---

[1] CR at pp. 55-62.
[2] CR at pp. 23-25 and pp. 118-119.
[3] CR at pp. 124-125.
[4] CR at pp. 132-133.
[5] CR at p. 200.

## IV.  CROSS-ISSUE AND RESTATED ISSUES PRESENTED

<u>Cross-Issue No. 1</u>:   This appeal is moot because the only issue in a forcible detainer action is possession, and Appellants are no longer in possession of the property and make no argument that they are entitled to immediate possession.

<u>Restated Bierwirth Issue No. 1</u>:  The applicable statute of limitations does not bar Appellee's cause of action.

<u>Restated Bierwirth Issue No. 2</u>:  The Tex. R. Civ. P. 310 writ of possession is not improper and is not relevant to this appeal.

<u>Restated Bierwirth Issue No. 3</u>:  The failure of the trial court to set a supersedeas bond amount is not an error of law.

<u>Restated Bierwirth Issue No. 4</u>:   The trial court's failure to sign the Judgment Order does not constitute judicial error.

<u>Restated Bierwirth Issue No. 5</u>: Bierwirth was not denied due process of law.

<u>Restated Bierwirth Issue No. 6</u>:   The trial court did not misapply the law at the hearing on Bierwirth's Emergency Petition for Writ of Reentry.

<u>Restated Dutschmann Issue</u>: Dutschmann was not denied due process of law.

## V.  STATEMENT OF FACTS

On or about June 24, 2005, Appellant Kevin Bierwirth ("Bierwirth") executed a Deed of Trust in connection with the real property located at 3305 Spaniel Drive, Austin, Texas 78759 (the "Property").[6]  Following Bierwirth's

---

[6] CR pp. 63-78.

10

default on the related promissory note, a non-judicial foreclosure sale of the Property was conducted.[7] The foreclosure sale was conducted pursuant to a Final Summary Judgment and Order Allowing Home Equity Foreclosure issued by 200th Judicial District Court, Travis County, Texas.[8]

Following the foreclosure sale of the Property, Bierwirth unsuccessfully challenged the sale by filing a writ of prohibition with this Court, which the Court denied.[9] Bierwirth then unsuccessfully challenged FNMA's predecessor-in-interest's right to possession by seeking an injunction prohibiting the issuance of a writ of possession pursuant to the summary judgment order. Once again, Bierwirth's challenge was unsuccessful.[10]

The Property was subsequently conveyed to Federal National Mortgage Association ("FNMA") by Special Warranty Deed recorded in the Official Public Records of Travis County on October 26, 2012.[11]

On May 30, 2013, Bierwirth used his status as a realtor to access the Property with a special key provided by FNMA only to realtors.[12] Appellant Dana Dutschmann ("Dutschmann") then leased the Property from Bierwirth in June

---

[7] CR pp. 80-93.

[8] RR, Vol. 3, Ex. 2-A.

[9] RR, Vol. 2, pp. 32-3; *see*, *Bierwirth v. TIB – The Independent Bankers Bank*, Case No. 03-11-00336-CV, Third Court of Appeals.

[10] *See*, *Bierwirth v. TIB – The Independent Bankers Bank*, Cause No. D-1-GN-13-003128, In the 250th Judicial District Court, Travis County, Texas.

[11] CR pp. 95-8.

[12] RR, Vol. 2, pp. 22-4 and 30; RR, Vol. 3, Ex. 3-A.

2013, and resided at the Property from that time through the time of trial in this matter.[13] During such time, Bierwirth did not reside at the Property.[14]

FNMA filed its Original Petition for Forcible Detainer and accompanying exhibits with the Justice of the Peace, Precinct 2, Travis County, Texas, on May 22, 2014, against Dutschmann and/or the then-current residents of the Property.[15] Default judgment in favor of FNMA and against Dutschmann was entered on June 17, 2104.[16] Bierwirth, represented by counsel Stephen Casey and David Rogers, also appeared before the justice court as a "real party in interest" at that time.[17] The justice court refused to consider Bierwirth's objections to FNMA's original petition because he was not a party to the suit.[18] The On June 23, 2014, Dutschmann and Bierwirth filed a notice of appeal with the justice court.[19] Dutschmann and Bierwirth filed their notice of appeal in the County Court at Law #2, Travis County, Texas, on July 8, 2014.[20]

On August 5, 2014, Bierwirth, acting through counsel Stephen Casey, filed a combined Motion to Intervene and Motion to Abate.[21] A trial on FNMA's petition for forcible detainer was held before the county court, the Hon. Judge Joe Carroll

---

[13] RR, Vol. 2, p. 11.
[14] RR, Vol. 2, p. 22.
[15] CR pp. 55-117.
[16] CR p. 19.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] CR pp. 108-9.
[21] CR pp. 118-120.

presiding, on August 5, 2014.[22] At the conclusion of the trial, Judge Carroll ordered judgment in favor of FNMA.[23] The court did make an explicit ruling on Bierwirth's request to intervene.[24] On August 7, 2014, the Hon. Judge Eric M. Shepperd of the County Court at Law #2, Travis County, Texas, signed the Judgment Order granting judgment and possession of the Property to FNMA.[25] The Judgment Order signed by Judge Shepperd does not contain a supersedeas bond amount.[26] The Judgment Order stated that the Writ of Possession ordering FNMA possession of the Property "shall not issue until the expiration of five days from the date this judgment is signed."[27]

On August 8, 2014, Dutschmann and Bierwirth, acting through counsel Stephen Casey, filed a Motion for Supersedeas Bond in the county court.[28] On August 13, 2014, a Writ of Possession issued pursuant to the county court's judgment of August 7.[29] The Writ of Possession was posted on August 14, 2014, and executed on August 19, 2014.[30]

---

[22] RR, Vol. 2, generally.
[23] RR, Vol. 2, pp. 58-9.
[24] RR, Vol. 2, generally.
[25] CR pp. 124-5.
[26] *Id.*
[27] *Id.*
[28] CR pp. 123.
[29] CR pp. 129-131.
[30] CR p. 131.

On August 28, 2014, Bierwirth, acting pro se, filed an Emergency Petition for Writ of Reentry in the county court.[31] A hearing on Bierwirth's Emergency Petition was conducted before the County Court at Law #2, the Hon. Judge Eric M. Shepperd presiding, on September 29, 2014.[32] The court denied Bierwirth's request for a Writ of Reentry on October 13, 2014.[33] This appeal followed.

## VI. SUMMARY OF THE ARGUMENT

First, this appeal should be denied as moot because Appellants do not currently maintain possession of the Property and have presented no meritorious reason that they are entitled to actual possession. Second, FNMA's forcible detainer action is not barred by the statute of limitations. In addition, Bierwirth's challenge to the previous writs of possession constitutes an impermissible collateral attack on a judgment that has been fully adjudicated. Finally, the trial court's failure to set a supersedeas bond amount does not deprive Appellants of their right to due process, or their ability to perfect this appeal.

## VII. ARGUMENT AND AUTHORITIES

**A. This appeal is moot because Appellants are no longer in actual possession of the subject property.**

---

[31] CR132-3.
[32] Supp. RR, generally.
[33] CR p. 200.

The only issue in a forcible detainer action is the right to actual possession of the subject property and the merits of title shall not be adjudicated.[34] Forcible detainer is intended to be a speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title.[35] An appeal of a judgment in a forcible detainer action becomes moot when the appellant ceases to have actual possession of the property, unless the appellant has a potentially meritorious claim of right to current, actual possession of the property.[36] This holds even when there is a failure to supersede a forcible-detainer judgment.[37]

The *Peck* case is instructive because its facts closely track the facts in the instant case. In the *Peck* case, following trial of an eviction action, the trial court entered judgment for possession in favor of the plaintiff, but did not set an amount for supersedeas bond; additionally, the defendant-appellant did not file a supersedeas bond.[38] A writ of possession issued before the 10-day deadline for filing a supersedeas bond.[39] Although the defendant filed motions requesting that

---

[34] Tex. R. Civ. P. 510.3(e); *see also, Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3 766, 768 (Tex.App. – Houston [14th Dist.] 2011, no pet.)(internal citations omitted).
[35] *Williams v. Bank of New York Mellon*, 315 S.W.3d 926, 926 (Tex.App. – Dallas 2010, no pet.).
[36] *Resendez v. FV REO I, LLC*, 2014 Tex.App. LEXIS 1096 (Tex.App. – Austin 2014, no pet.)
[37] *Peck v. Fed. Home Loan Mortg. Corp.*, 2913 Tex.App. LEXIS 15154, at 2 (Tex.App. – Austin 2013, no pet.).
[38] *Id.* at 3.
[39] *Id.*

the trial court set a hearing on the amount of the supersedeas bond, a hearing was not held.[40]

On appeal, the *Peck* defendant conceded that she was no longer in possession of the subject property.[41] The Court of Appeals ruled that an appeal limited only to the issue that a trial court failed to set an amount for a supersedeas bond does not "provide a potential basis for a claim" that the defendant "is entitled to current, actual possession."[42] Accordingly, the court dismissed the appeal as moot.

In this case, Appellants are no longer in possession of the Property. Furthermore, none of the issues raised in this appeal by either Appellant addresses a right to current, actual possession of the Property. The points of error set forth by Appellants address the applicable statute of limitations and procedural events in the county court following the trial and judgment. Apart from the issue raised by Bierwirth regarding the applicable statute of limitations, the remaining issues raised by Appellants all stem from the trial court's failure to set a supersedeas bond amount. As further elaborated below, these issues do not mandate Appellants are entitled to actual possession of the Property. Because Appellants no longer have

---

[40] *Id.*
[41] *Id.* at 5.
[42] *Id.*

actual possession of the Property, and do not have a potentially meritorious claim for actual possession of the Property, this appeal is moot, and should be dismissed.

### B. Appellee's forcible detainer action is not barred by the statute of limitations.

Appellee's forcible detainer action is not barred by the two-year statute of limitations proscribed by Texas Civil Practice & Remedies Code § 16.003. For a suit to be timely under a two-year statute of limitations, the suit must be filed within two years from the date on which the cause of action accrues. Generally, a cause of action accrues when a wrongful act causes some legal injury.[43] However, an exception to this rule exists for continuing torts.[44] A continuing tort involves wrongful conduct inflicted over a period of time that is repeated until desisted, and each day creates a separate cause of action.[45] A cause of action for a continuing tort does not accrue until the defendant's tortious act ceases.[46]

Dutschmann's possession of the Property was a continuing tort.[47] Each day that Dutschmann remained in possession of the Property created a separate cause of action. On each day that Dutschmann remained in possession of the Property,

[43] *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990).
[44] *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 154 (Tex.App. – Dallas 1980, no writ).
[45] *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 500 (Tex.App. – Houston [14th Dist.] 1995, no writ)(internal citations omitted).
[46] *Tectonic Realty Inv. Co. v. CAN Lloyd's of Texas Ins. Co.*, 812 S.W.2d 647, 654 (Tex.App. – Dallas 1991, writ denied); *First General Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495, 501 (Tex.App. – Austin 1998, pet denied).
[47] *See, Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909 (Tex. 2013).

FNMA sustained injury because of Dutschmann's interference with FNMA's right to possession. Because FNMA filed the eviction action that is the subject of this appeal during the period of time that Dutschmann occupied the Property, FNMA's claim was filed within the applicable limitation period, and the action is not barred.

Even if this Court does not characterize Dutschmann's possession of the Property as a continuing tort, FNMA's instant cause of action accrued at the earliest on May 30, 2013, when Bierwirth gain access to the Property in violation of the writs of possession that had been issued pursuant to the summary judgment order in the previous foreclosure proceeding. On May 30, 2013, Bierwirth's entering into the Property gave rise to a new cause of action for FNMA. Furthermore, the earliest a cause of action could have accrued against Dutschmann was when she leased the Property from Bierwirth in June 2013. Using either of these dates as the purported accrual date, FNMA's instant eviction action was filed well within the two-year limitation period when it was originally filed on May 22, 2014.

### C.  Bierwirth's challenge of the prior Summary Judgment Order, Home Equity Foreclosure, and Tex. R. Civ. P. 310 writs of possession constitute an impermissible collateral attack.

Appellant Bierwirth's challenge of the summary judgment and foreclosure sale and prior writs of possession as part of this appeal constitutes an impermissible collateral attack. A collateral attack on a judgment is an attempt to

avoid its binding force in a proceeding not instituted for purposes of amending, correcting, reforming, vacating, or enjoining such judgment.[48]  An earlier judgment in one court serves as estoppel from re-litigation of the same issues in a separate later proceeding.[49]

Issues associated with the summary judgment order and subsequent writs of possession pursuant to Tex. R. Civ. P. 310 have already been presented to and adjudicated by a separate trial court and this Court in previous proceedings. Appellant Bierwirth admits as much in his brief, stating that the "order was appealed and subsequently, Appellant was ruled against."[50]  Bierwirth should not be allowed to re-litigate the propriety of the summary judgment order or ensuing writs of possession in this eviction appeal.  As previously stated, the only issue in an eviction proceeding is the right to possession.  Any challenge to previous proceedings constitutes an impermissible collateral attack on this Court's previous rulings, and should not be considered as part of this appeal.  Accordingly, Bierwirth's point of error regarding whether a writ of possession issued pursuant to the previous summary judgment order is improper must be overruled.

---

[48] *Housing Auth. v. Massey*, 878 S.W.2d 624, 626 (Tex.App. – Corpus Christi 1994, no pet.)
[49] *Id.*; *see also*, *Bass v. Champion Int'l Corp.*, 787 S.W.2d 208, 212 (Tex.App. – Beaumont 1990, no writ).
[50] Appellant's Brief, p. 24.

19

**D. The lack of a supersedeas bond is not reversible error.**

The county court's failure to state an amount for a supersedeas bond in its Judgment Order entered on August 7, 2014, does not constitute reversible error. This Court made it explicitly clear in the *Peck* case that the failure of the trial court to set a supersedeas bond amount does not deprive an eviction defendant of his right to appeal, even when the defendant is no longer in possession of the subject property.[51]  Even though the trial court in this case failed to set a supersedeas bond amount and did not conduct a hearing on Appellants' request for a bond amount, Appellants have not been deprived of their opportunity to perfect and present this appeal.

**E. The Hon. Judge Eric M. Shepperd's signing of the Judgment Order does not constitute judicial error.**

Appellant Bierwirth next contends that judicial error occurred because the Judgment Order was not signed by the presiding trial judge, but rather by a different judge.  Though Appellant does not state it explicitly, it is implied from Appellant's brief that Appellant asserts that such an order, if accompanied by judicial error or malfeasance, would be invalid.

Appellant offers no legal authority to support this contention.  An issue on appeal unsupported by proper argument or citation to correct legal authority presents nothing for the court to review.  An issue on appeal unsupported by proper

---

[51] *Peck* at 2.

argument or citation to correct legal authority presents nothing for the court to review.[52] The Rules of Appellate Procedure require Appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."[53] It is the Appellant's burden to discuss the assertions of error. An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Were it to do so, even on behalf of a *pro se* appellant, it would be abandoning its role as neutral adjudicators and become an advocate for that party.[54]

The Hon. Joe Carroll presided over the trial on August 5, 2014.[55] At that time, Judge Carroll entered judgment in favor of Appellee.[56] On August 7, 2014, the Hon. Eric M. Shepperd signed the Judgment Order.[57] There is no allegation, and more importantly, no evidence that the Judgment Order signed by Judge Shepperd granted any relief not already granted by Judge Carroll's ruling at trial.[58] It is not reversible error for one judge to preside over a hearing or trial and enter

---

[52] *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App. —Dallas 2005, no pet.)

[53] Tex.R.App. P. 38.1(i)

[54] *Flores v. United Freedom Associates, Inc.*, 314 S.W.3d 113, 115-16 (Tex. App.—El Paso 2010, no pet.)

[55] RR Vol. 2, p. 1.

[56] RR Vol. 2, pp. 58-9.

[57] CR pp. 124-25.

[58] Compare RR Vol. 2, pp. 58-9 and CR pp. 124-25.

judgment, and a different judge to sign the corresponding judgment.[59]  For this reason, Appellant Bierwirth's point of error should be overruled.

### F.  Appellant Bierwirth was not denied due process of law.

Bierwirth next characterizes the issuance of the Writ of Possession as "premature" and argues that the timing of such issuance deprived Bierwirth of due process of law.  This point of error is without merit and should be overruled accordingly.

First, the notion that the Writ of Possession was issued prematurely and not in compliance with the applicable procedural requirements is disingenuous. Pursuant to Tex. R. Civ. P. 510.8(d)(1), following judgment for an eviction plaintiff, a writ of possession may not issue before the 6th day after the date a judgment   Here, the trial court's judgment ordering issuance of the Writ of Possession was signed on August 7, 2014.  Accordingly, under Rule 510.8(d)(1), the earliest date on which the Writ of Possession could issue is August 13, 2014— the sixth day after the judgment order was signed.  In fact, the Writ of Possession was issued on August 13, 2014.  Therefore, the writ was issued in a timely manner and was not "premature."

In addition, Bierwirth waived any objection to the contents of the Judgment Order signed by the trial court.  Bierwirth's counsel, Stephen Casey, approved the

---

[59] *Bello v. Tarrant County*, 2010 Tex.App. LEXIS 9763, at 17 (Tex.App. – Fort Worth 2010, pet. denied).

form of Judgment Order.[60]  Moreover, neither Bierwirth, nor his counsel, raised

any objection regarding the court's failure to set a bond amount during the August

5 trial.[61]  Bierwirth knowingly relinquished any right to claim that the trial court

erred by failing to set a supersedeas bond.

**G. The trial court did not misapply the law at the hearing on Appellant's Emergency Petition for Writ of Reentry.**

Bierwirth's final issue on appeal contends that the trial court misapplied the

law at the hearing on his petition for a writ of reentry.  Appellant's argument in

support of this issue is grounded upon a misinterpretation of the applicable statute.

The relevant portion of Tex. Prop. Code § 24.007 states:

> (a) A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.[62]

Tex. R. Civ. P. 510.13 also addresses this issue, stating:

> The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.[63]

Appellant argues that these provisions require a county court to wait 10 days

before issuing a writ of possession.  However, such an interpretation is mistaken.

---

[60] CR pp. 124-5.
[61] RR, Vol. 2, generally.
[62] Tex. Prop. Code § 24.007(a).
[63] Tex. R. Civ. P. 510.13.

These provisions relate only to whether a trial court's judgment can be stayed, not whether a writ of possession may issue. Under Tex. R. Civ. P. 510.13, following a trial before the county court, "the writ of possession…will be issued by the clerk of the county court according to the judgment rendered…as in other cases."[64]

As previously explained in this brief, the timeframe for the issuance of a writ of possession is addressed in Tex. R. Civ. P. 510.8(d)(1), which states that a writ of possession may not issue before the 6th day after the date a judgment for possession is signed.[65] Also, as previously explained, the writ of possession in this case was issued on the sixth day after the date the trial court signed the judgment order. The lack of a supersedeas bond amount does not invalidate a writ of possession that was issued and executed upon within the time limits set forth by Rule 510. Accordingly, the county court did not misapply the law at the hearing on Bierwirth's request for a writ of reentry. This point of error should be overruled.

## H. Appellant Dutschmann's due process rights were not violated.

Appellant Dutschmann raises four issues on appeal. Appellee will address the issues together, however, as the four stated issues can generally be summarized with one question: Were Appellant Dutschmann's due process rights violated because the county court did not set a supersedeas bond amount? In short, this question must be answered in the negative.

---

[64] *Id.*
[65] Tex. R. Civ. P. 510.8(d)(1).

24

Appellant Dutschmann makes separate arguments that she was denied equal rights, not treated with equality, denied an open court, and denied due process. Dutschmann's issues all arise from procedural events that occurred <u>after</u> the trial court's entry of judgment in favor of FNMA. Dutschmann appeared through counsel at trial of the action and was afforded the opportunity to present her case to the trial court. Following the trial, Dutschmann perfected this appeal. The lack of a supersedeas bond amount did not deprive Dutschmann of her ability to perfect this appeal. It should be noted that even if a supersedeas bond amount had been set by the trial court, it is unlikely that Dutschmann would have posted such a bond, as both she and Bierwirth filed an Affidavit of Inability to Pay Costs on September 4, 2014.[66]

The only issue before the trial court was the right to actual possession of the Property. The trial court found that Dutschmann was not entitled to such actual possession. Now, on appeal, Dutschmann makes no argument and provides no authority regarding any potential reason the trial court erred by granting judgment and possession of the Property to FNMA.

A simple hypothetical makes it clear that Dutschmann's appeal is without merit. If the trial court had set a supersedeas bond amount and Dutschmann had posted the bond before the execution of the writ of possession, the judgment

---

[66] CR pp. 138-41.

presumably would be stayed and Dutschmann would have retained possession of the Property pending this appeal. But on appeal, Dutschmann would still be required to provide a cogent argument in support of her retaining possession of the Property. Yet, throughout her entire brief, Dutschmann provides no grounds for why she is entitled to possession of the Property. All of Dutschmann's appellate issues relate to the events that occurred <u>after</u> the trial of the eviction action and the court's judgment. Because Dutschmann provides no argument regarding why she is entitled to actual possession of the Property, Dutschmann's points of error must be overruled.

## VIII. PRAYER

Appellee Federal National Mortgage Association respectfully prays that this Court affirm the judgment of the trial court, or in the alternative, dismiss this appeal as moot, and grant all other relief to which Appellee is entitled.

Respectfully submitted,

By: /s/ Douglas G. Dent
    Brian P. Casey
    State Bar No. 00793476
    Douglas G. Dent
    State Bar No. 24078062
    6836 Bee Caves, Bldg. 3, Suite 303
    Austin, Texas 78746
    Tel.: 512-617-6409
    Fax: 888-530-9616
    bcasey@caseylawtx.com
    ddent@caseylawtx.com

**Certificate of Service**

Pursuant to Tex. R. App. P. 9.5, I hereby certify that on May 7, 2015, I served the foregoing document via regular mail on the following persons:

Kevin Bierwirth
13276 Research Blvd., #204
Austin, Texas 78750

Dana Dutschmann
c/o 13276 Research Blvd., #204
Austin, Texas 78750

/s/ Douglas G. Dent
Douglas G. Dent

**Certificate of Compliance**

Pursuant to Tex. R. App. P. 9.4(i)(3), I certify that this document contains 5,041 words.

/s/ Douglas G. Dent
Douglas G. Dent